## Watkins v. City of Henderson.

(Decided February 22, 1916.)

### Appeal from Henderson Circuit Court.

1. Negligence—Instruction on Contributory Negligence.—It is not necessary that there should be direct evidence of contributory negligence before an instruction on this subject should be given, as it may be inferred from facts and circumstances developed in the trial of the case.

2. Appeal and Error—Instructions—Harmless Error.—The giving of an instruction that has no place in a case will not constitute reversible error unless it appears to have been prejudicial to the substantial rights of the complaining party.

VANCE & HEILBRONNER for appellant.

B. S. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This suit was brought against the appellee, City of Henderson, to recover damages for personal injuries alleged to have been sustained by reason of the failure of the city to keep its streets in reasonably good repair.

It appears that in November, 1914, Watkins, at about half-past eight o'clock at night, while on his way from his residence to a point in the city, had occasion to walk on Holloway Street to its intersection with Center Street. It further appears that there is a sharp descent in Holloway Street from a point about thirty feet from Center Street to Center Street, and while Watkins was walking on the brick pavement going down this descent he stepped, as he claims, into a hole in the pavement, from three to five inches deep and about three feet in diameter, in which hole there was a lot of loose brick, some of which were standing on edge.

He testifies that when he reached this hole he was walking fast and not looking at the pavement or giving any particular attention, when he stepped on a loose brick in the hole that caused him to fall. The evidence in his behalf by several witnesses also showed that the pavement at this place had been in the condition described by him for some weeks before he sustained the injuries complained of.

The evidence for the city was to the effect that the pavement at the place where Watkins fell was in reasonably safe condition for travel and that there was no hole in the pavement nor any bricks standing on edge such as were described by Watkins and the witnesses in his behalf. It also appears in the testimony that there was an electric light nearby the pavement, that lighted up this place.

With the evidence in the condition stated, the court, after giving the usual instructions as to the duty of the city in respect to exercising ordinary care to keep its streets in reasonably safe condition, told the jury, in instruction number three: "That although they might believe from the evidence that the city failed to use ordinary care in keeping the pavement in a reasonably safe condition for public use, yet if they also believe from the evidence that Watkins was careless or negligent at the time and but that for his own carelessness or negligence at the time, the accident would not have happened, they should find for the defendant." They were further told that "negligence was the failure to use such care as an ordinarily prudent person would usually exercise under the same or similar circumstances."

The jury returned a verdict for the city, and on this appeal counsel for Watkins argue that the weight of the evidence showed that the pavement was defective and unsafe and in the condition described by Watkins and his witnesses. Furthermore, that there was no evidence that the accident was attributable to the failure of Watkins to exercise ordinary care for his own safety, and this being so, the court should not have given any instruction on the subject of contributory negligence, on account of which instruction it is said the jury were influenced to return a verdict in favor of the city. The · giving of this instruction on the subject of contributory negligence is the only error assigned for reversal.

It is of course elementary that instructions must be supported by evidence. But this does not mean that direct evidence is essential or that negligence may not be inferred from circumstances developed in the trial of the case, although there may not be any fact directly imputing it. And the jury who heard the witnesses describe the locality where the accident happened, as well as the manner in which it occurred, might have concluded that if Watkins had been exercising ordinary care for his own safety he would not have stumbled and fallen. There might of course be a case presenting facts somewhat similar to this in which an instruction on the subject of contributory negligence would be out of place, but, generally speaking, an instruction on contributory negligence in this class of cases may be rested on circumstances shown by and reasonable inferences to be drawn from the evidence, and we cannot say that it was error to give such an instruction in this case.

But, aside from this, we have often written that although an instruction might not have a place in the case, its presence would not constitute reversible error unless it appeared to have been prejudicial to the substantial rights of the complaining party. If, therefore, Watkins was not guilty of contributory negligence, or any negligence, in using the pavement as he was using it at the time of the accident, we do not think the jury could have been misled by this instruction on the subject of contributory negligence.

The principal issue in the case was whether the pavement was in reasonably safe condition for public use. On this issue the weight of the evidence showed that it was not; but the jury had a right to believe the wit-

nesses for the city in preference to the witnesses for Watkins and to reach the conclusion that the pavement was in reasonably safe condition for public travel; and, under the evidence, we may as well assume that the jury did reach this conclusion as to assume that they found Watkins failed to exercise care for his own safety. Under these circumstances we cannot say that the instruction on the subject of contributory negligence, even if it should not have been given, affected the substantial rights of Watkins, and the judgment is. affirmed.